UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHNNY JAMES STRONG,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

                Defendants.

Case No. 2:16-cv-01693-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Johnny James Strong has brought this matter for judicial review of the Commissioner's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. Because the ALJ erred in determining that Mr. Strong could perform his past relevant work, the Court finds that the Commissioner's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On January 30, 2012, Mr. Strong filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that he became disabled beginning September 30, 2011. Dkt. 9, Administrative Record (AR) 153. His applications were denied on initial administrative review and on reconsideration. *Id.* A hearing was held on June 24, 2013,

before an administrative law judge (ALJ), at which Mr. Strong appeared and testified as did a vocational expert. AR 52-79.

In a decision dated July 22, 2013, the ALJ found that Mr. Strong could perform his past relevant work and therefore that he was not disabled. AR 153-61. On February 6, 2015, the Appeals Council granted Mr. Strong's request for review, vacated the ALJ's decision, and remanded the matter for further administrative proceedings. AR 168-70.

On remand, a second hearing was held before the same ALJ, at which Mr. Strong appeared and testified, as did a different vocational expert. AR 80-113. In a decision dated June 29, 2015, the ALJ again found Mr. Strong could perform his past relevant work, and therefore that he was not disabled. AR 18-29. Mr. Strong's request for review was denied by the Appeals Council on September 9, 2016, making the ALJ's decision the Commissioner's final decision. The plaintiff then appealed in a complaint filed with this Court on November 2, 2016. AR 1; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481.

Mr. Strong seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred: (1) in discounting Mr. Strong's credibility concerning his symptoms and limitations; and (2) in finding Mr. Strong could perform his past relevant work. For the reasons set forth below, the Court agrees the ALJ erred in finding Mr. Strong could perform his past relevant work, and therefore finds this matter should be remanded for further administrative proceedings on that basis.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v.*

*Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* At step four of that process, the ALJ found Mr. Strong could perform his past relevant work as a house officer and an airline security representative, both as Mr. Strong actually performed them and as they are generally performed. AR 28. Mr. Strong argues the ALJ erred in doing so. The Court agrees.

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 3

Although Mr. Strong worked as a cruise ship screener, the vocational expert classified that past job as airline security representative. AR 106, 324. Airline security representative is described by the Dictionary of Occupational Titles (DOT) as light work, which involves lifting no more than 20 pounds occasionally, and 10 pounds frequently. DOT 372.667-010, 1991 WL 673094; 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b). The ALJ also limited Mr. Strong to light work. AR 23.

Mr. Strong reported that as a cruise ship screener that he "would have to pick up luggage at hotels and carry" it, and that the heaviest weight he lifted was 50 pounds. AR 322, 324. Mr. Strong further reported that he had to place and carry baggage for passengers, and place and lift it on and off of x-ray devices. AR 322. In addition, Mr. Strong reported he spent a total of three to four hours per day handling, grabbing, or grasping large objects. AR 322, 324. Thus, it is not at all clear that lifting more than 20 pounds "was not a regular customary part of his job" as the ALJ found. AR 28.

The Commissioner argues the ALJ may have erred in finding Mr. Strong performed the job of cruise ship screener as it was actually performed, but Mr. Strong could still perform that job as it is generally performed. As Mr. Strong points out, though, the vocational expert testified that although he had not seen the lifting of luggage typically being done in performing the airline security representative, he had been on a cruise and had seen screeners lifting luggage. AR 109. Thus, from the vocational expert's personal experience, he had seen that cruise screener job done differently. *Id.*

Accordingly, the vocational expert appears to have at least acknowledged the possibility that the job of cruise ship screener may typically involve the lifting of luggage, which certainly can weigh far more than 20 pounds as Mr. Strong reported. *Id.* While this is far from conclusive

testimony, at the very least there appears to be a conflict between the DOT and the vocational expert's testimony. The ALJ has the affirmative responsibility to ask the vocational expert about possible conflicts between his or her testimony and information in the DOT. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00-4p, 2000 WL 1898704, at *1. The ALJ also must explain how the discrepancy or conflict was resolved. SSR 00-4p, 2000 WL 189704, at *4. The ALJ did not do so here, and that was error.

Mr. Strong also reported working in a hotel security position, which required him to pick up luggage at hotels. AR 321. He reported that the heaviest weight he lifted was 50 pounds, and that he handled, grabbed, or grasped big objects up to four hours each day. *Id.* Mr. Strong further testified that he was lifting luggage in this position, and that he was making beds at night and assisting with hotel guests. AR 103. The vocational expert at the second hearing testified that this job was a house officer job, which the DOT classifies as light work. AR 106; DOT 376.367-018, 1991 WL 673173.

Here too, having to lift luggage that weigh up to 50 pounds is odds with what light work entails. Further, even if it is unclear as to exactly how much of the time Mr. Strong was required to lift that amount, again at the very least there is an apparent conflict between the record and the vocational expert's testimony, not to mention the DOT. The ALJ's failure to address and resolve that conflict was error as well.

The vocational expert also testified that making beds and carrying luggage are not duties of the house officer position, and thus would constitute a separate job. AR 109. As the Ninth Circuit has pointed out, "[i]t is error for the ALJ to classify an occupation 'according to the least demanding function.'" *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (quoting *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1995)). Again, it is unclear

how much time Mr. Strong spent on these tasks, although as just noted he reported spending up to half the day handling, grabbing, or grasping big objects. If it is the case that Mr. Strong spent at least that much time carrying luggage or performing other tasks beyond that required by the house officer position, it is likely that the ALJ erred in finding he could perform this past work as well. *Stacy v. Colvin*, 825 F.3d 563, 570 (9th Cir. 2016) (pointing out that in past cases where the least demanding aspect of a claimant's past job is something that is performed less than half the time, it has found the ALJ erred in equating it with a full time job).

The Court may remand "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to Mr. Strong's ability to perform his past relevant work, remand for further consideration of that issue is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined Mr. Strong to be not disabled. Accordingly, the Commissioner's decision to deny benefits hereby is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 22nd day of June, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge